JOHN C. ULIN (State Bar No. 165524)
John.Ulin@aporter.com
ERIC D. MASON (State Bar No. 259233)
Eric.Mason@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California  90017-5844
Telephone: (213) 243-4000
Facsimile:  (213) 243-4199

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SWEET PEOPLE APPAREL, INC. d/b/a MISS ME, a California corporation, and RCRV, INC. d/b/a ROCK REVIVAL, a California corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>JEAN JACKET CLOTHING, INC., a California corporation, KAMYAR PENHASI, an individual, XYZ COMPANIES 1-10, and JOHN AND JANE DOES 1-10,<br><br>        Defendants. | Case No.:  2:13-cv-07716<br><br>**COMPLAINT FOR:**<br><br>(1)  Breach of Contract;<br><br>(2)  Copyright Infringement in Violation of 17 U.S.C. § 501;<br><br>(3)  Trademark Counterfeiting and Trademark Infringement in Violation of 15 U.S.C. § 1114;<br><br>(4)  False Designation of Origin in Violation of 15 U.S.C. § 1125(a);<br><br>(5)  Common Law Trademark Infringement and Unfair Competition;<br><br>(6)  Unfair Competition in Violation of California Bus. & Prof. Code §§ 17200 *et seq.*; |

Plaintiffs Sweet People Apparel, Inc. d/b/a Miss Me ("Sweet People") and RCRV, Inc. d/b/a Rock Revival ("RCRV"), by and through their undersigned counsel, complain of Defendants Jean Jacket Clothing, Inc., Kamyar Penhasi, XYZ Companies 1-10, and John and Jane Does 1-10 (collectively "Defendants"), and allege as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.  Plaintiffs' claims are predicated upon the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.*, the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, and substantial and related claims under the statutory and common law of the State of California.

2.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants are either subject to personal jurisdiction within this judicial district, and/or because a substantial part of the events giving rise to Plaintiffs' claims occurred within this judicial district.

## NATURE OF THE ACTION

3.      This case concerns Defendants' continuing, willful, deliberate and systematic targeting of Sweet People and RCRV, and their infringement of a number of Sweet People's and RCRV's most distinctive and popular designs used on and in connection with their highly successful lines of MISS ME and ROCK REVIVAL brand jeanswear products, despite Sweet People's two prior encounters with Jean Jacket Clothing.  Defendants' conduct was undertaken in bad faith, was without Sweet People's and RCRV's consent, and was engaged in by Defendants deliberately so that they could compete directly with Sweet People and RCRV and siphon off sales from Sweet People's popular MISS ME jeanswear line and RCRV's popular ROCK REVIVAL jeanswear line.

4.      In particular, this case concerns Defendants' willful and deliberate violation of:  (a) an April 2, 2013 settlement agreement (the "April 2013 Settlement

Agreement") entered into with Sweet People and Deodar Brands, LLC d/b/a Mek Denim ("Deodar Brands"), an affiliate of Sweet People, resolving a trademark and copyright infringement action brought by Sweet People and Deodar Brands against Jean Jacket Clothing in this Court, captioned *Sweet People Apparel, Inc. d/b/a Miss Me, et al. v. Jean Jacket Clothing*, No. 13-Civ-00655 (ODW) (CWx) (C.D. Cal.) (the "First Action"); and (b) an August 22, 2013 settlement agreement (the "August 2013 Settlement Agreement") entered into with Sweet People, resolving Jean Jacket Clothing's prior breach of the April 2013 Settlement Agreement, and contempt of a Permanent Injunction Order entered by the Court on April 11, 2013.

5.      This case further concerns Defendants' willful and deliberate infringement of Sweet People's copyrighted and trademarked designs.  Specifically, Sweet People seeks injunctive relief and damages for acts of copyright infringement, trademark counterfeiting, trademark infringement, false designation of origin and unfair competition, engaged in by Defendants in violation of the laws of the United States and the State of California.

6.      Moreover, RCRV seeks injunctive relief and damages for acts of trademark counterfeiting, trademark infringement, false designation of origin, and unfair competition, engaged in by Defendants in violation of the laws of the United States and the State of California.

## THE PARTIES

7.      Plaintiff Sweet People is a corporation duly organized and existing under the laws of the State of California, and maintains its principal place of business at 4715 S. Alameda Street, Los Angeles, California 90058.

8.      Plaintiff RCRV is a corporation duly organized and existing under the laws of the State of California, and maintains its principal place of business at 4715 S. Alameda Street, Los Angeles, California 90058.

9.      Upon information and belief, Defendant Jean Jacket Clothing, Inc. is a corporation duly organized and existing under the laws of the State of California, and

maintains its principal place of business within this judicial district at 115 E. Pico Blvd., Los Angeles, California 90015.  Upon further information and belief, Jean Jacket Clothing, Inc. is the successor to Jean Jacket Clothing, an entity of unknown legal status previously operating at the same address as Jean Jacket Clothing, Inc.

10.    Upon information and belief, Defendant Kamyar Penhasi is an individual residing at 3304 S. Canfield Avenue, Los Angeles, California 90034. Upon further information and belief, Defendant Penhasi is the owner of Defendant Jean Jacket Clothing, Inc., and is the moving, active, conscious force directing Defendant Jean Jacket Clothing, Inc.'s wrongful acts described herein.  Accordingly, Defendant Penhasi is personally responsible and liable for the wrongful acts of Defendant Jean Jacket Clothing, Inc., as described herein.

11.    Upon information and belief, Defendants Jean Jacket Clothing, Inc. and Penhasi are acting in conjunction with various Defendant XYZ Companies, denoted here as Defendants XYZ Companies 1-10, and John and Jane Does, denoted here as Defendants John and Jane Does 1-10, whose identities are not presently known.  If the identities of these parties become known, Sweet People and RCRV will amend the Complaint to include the names of these additional entities and individuals.

## SWEET PEOPLE'S BUSINESS

12.    Sweet People manufactures, promotes, sells and distributes high-quality jeanswear and denim products throughout the United States, including in this judicial district, under the MISS ME brand name.  Sweet People's line of MISS ME brand jeanswear products is sold by such well-known fashion retailers and department stores as Macy's, Dillard's and The Buckle, both in-store and online, and is also available at Sweet People's official MISS ME brand website, <www.missme.com>.

13.    Over the past several years, the MISS ME brand of jeanswear and denim products has become very popular in the highly competitive jeanswear market.  Due to its popularity, Sweet People's MISS ME jeanswear has received extensive media coverage and has appeared in numerous widely circulated fashion magazines,

including *In Style*, *Elle*, *Glamour*, *Lucky*, *944 Magazine*, *Harper's Bazaar*, *Teen Vogue* and *Nylon*.  In addition, celebrities such as Miley Cyrus, Paris Hilton and Beyonce have been photographed wearing MISS ME jeanswear.

14.     Among the many elements that identify MISS ME brand jeanswear products and distinguish them from the products of Sweet People's competitors are the unique and distinctive designs created by Sweet People and embroidered onto and/or otherwise affixed to the rear pocket and/or waistband (yoke) areas of its jeanswear products.  Such designs are used repeatedly by Sweet People on its MISS ME line of jeanswear products, and have come to exclusively identify Sweet People as the source of such products.

15.     Among Sweet People's most important assets are the intellectual property rights it owns in the unique and distinctive designs used on and in connection with its MISS ME line of jeanswear products.  Such designs include Sweet People's Tribal Deco JW5416B Design; Cypress Paisley JW5367B Design; Fleur De Lis Design JP4369; Split Fleur De Lis JW530TB3 Design; CrossRoads JP5072 Design; and FABRIC CUT OUT DESIGN Trademark, all of which are subject to copyright and/or trademark protection.

### SWEET PEOPLE'S TRIBAL DECO DESIGN COPYRIGHT

16.     Sweet People owns U.S. Copyright Registration No. VA 1-827-438, issued on June 8, 2012, for its Tribal Deco JW5416B Design (the "Tribal Deco Design").  A copy of the registration certificate for Sweet People's Tribal Deco Design, along with a photograph of the Tribal Deco Design as used by Sweet People on the rear pockets of MISS ME jeanswear products, are attached hereto as Exhibit A.

17.     The Tribal Deco Design was created by Sweet People in 2011, and has been in continuous use by Sweet People on jeanswear products since at least as early as February 15, 2012.  Sweet People owns all right, title and interest in and to the

Tribal Deco Design, which constitutes original and copyrightable subject matter under the U.S. Copyright Act.

18.     Sweet People has duly complied with all relevant requirements of the U.S. Copyright Act with respect to the Tribal Deco Design.

**SWEET PEOPLE'S CYPRESS PAISLEY JW5367B DESIGN COPYRIGHT**

19.     Sweet People owns U.S. Copyright Registration No. VA 1-796-810, issued on December 1, 2011, for its Cypress Paisley JW5367B Design (the "Cypress Paisley Design").  A copy of the registration certificate for Sweet People's Cypress Paisley Design, along with a photograph of the Cypress Paisley Design as used by Sweet People on the rear pockets of MISS ME jeanswear products, are attached hereto as Exhibit B.

20.     The Cypress Paisley Design was created by Sweet People in 2010, and has been in continuous by Sweet People use on jeanswear products since at least as early as June 20, 2011.  Sweet People owns all right, title and interest in and to the Cypress Paisley Design, which constitutes original and copyrightable subject matter under the U.S. Copyright Act.

21.     Sweet People has duly complied with all relevant requirements of the U.S. Copyright Act with respect to the Cypress Paisley Design.

**SWEET PEOPLE'S FLEUR DE LIS DESIGN COPYRIGHT**

22.     Sweet People owns U.S. Copyright Registration No. VA 1-418-846, issued on May 23, 2007, for its Fleur De Lis Design JP4369 (the "Fleur De Lis Design").  A copy of the registration certificate for Sweet People's Fleur De Lis Design, along with a photograph of the Fleur De Lis Design as used by Sweet People on the rear pockets of MISS ME jeanswear products, are attached hereto as Exhibit C.

23.     The Fleur De Lis Design was created by Sweet People in 2006, and has been in continuous use by Sweet People on jeanswear products since at least as early as October 3, 2006.  Sweet People owns all right, title and interest in and to the Fleur

De Lis Design, which constitutes original and copyrightable subject matter under the U.S. Copyright Act.

24.     Sweet People has duly complied with all relevant requirements of the U.S. Copyright Act with respect to the Fleur De Lis Design.

## SWEET PEOPLE'S SPLIT FLEUR DE LIS JW530TB3 DESIGN COPYRIGHT

25.     Sweet People owns U.S. Copyright Registration No. VA 1-807-380, issued on December 28, 2011, for its Spilt Fleur De Lis JW530TB3 Design (the "Split Fleur De Lis Design").  A copy of the registration certificate for Sweet People's Split Fleur De Lis Design, along with a photograph of the Split Fleur De Lis Design as used by Sweet People on the rear pockets of MISS ME jeanswear products, are attached hereto as Exhibit D.

26.     The Split Fleur De Lis Design was created by Sweet People in 2010, and has been in continuous use by Sweet People on jeanswear products since at least as early as January 3, 2011.  Sweet People owns all right, title and interest in and to the Split Fleur De Lis Design, which constitutes original and copyrightable subject matter under the U.S. Copyright Act.

27.     Sweet People has duly complied with all relevant requirements of the U.S. Copyright Act with respect to the Split Fleur De Lis Design.

## SWEET PEOPLE'S CROSSROADS JP5072 DESIGN COPYRIGHT

28.     Sweet People owns U.S. Copyright Registration No. VA 1-785-057, issued on August 4, 2011, for its CrossRoads JP5072 Design (the "CrossRoads Design").  A copy of the registration certificate for Sweet People's CrossRoads Design, along with a photograph of the CrossRoads Design as used by Sweet People on the rear pockets of MISS ME jeanswear products, are attached hereto as Exhibit E.

29.     The CrossRoads Design was created by Sweet People in 2009, and has been in continuous use by Sweet People on jeanswear products since at least as early as October 27, 2009.  Sweet People owns all right, title and interest in and to the

CrossRoads Design, which constitutes original and copyrightable subject matter under the U.S. Copyright Act.

30.     Sweet People has duly complied with all relevant requirements of the U.S. Copyright Act with respect to the CrossRoads Design.

31.     Together, the Fleur De Lis Design, Tribal Deco Design, Cypress Paisley Design, Split Fleur De Lis Design and CrossRoads Design are hereinafter referred to as the "Sweet People Copyrighted Designs."

## SWEET PEOPLE'S FABRIC CUT OUT DESIGN TRADEMARK

32.     Sweet People owns trademark rights in certain unique and distinctive designs it uses on and in connection with its MISS ME jeanswear products.

33.     Among the design trademarks owned and used by Sweet People is its FABRIC CUT OUT DESIGN Trademark, a design consisting of decorative elements appearing in "cut out" portions of the rear waistband (yoke) and pocket flaps on its jeanswear products (the "FABRIC CUT OUT DESIGN Trademark").  Sweet People created the FABRIC CUT OUT DESIGN in 2005, and it has been in continuous use by Sweet People on its MISS ME line of jeanswear products since at least as early as September 29, 2005.

34.     The FABRIC CUT OUT DESIGN Trademark is the subject of U.S. Trademark Registration No 4,065,486, registered on the Principal Register on December 6, 2011, for jeanswear products.  Sweet People's trademark registration for the FABRIC CUT OUT DESIGN Trademark is in full force and effect.  A copy of the registration certificate for Sweet People's FABRIC CUT OUT DESIGN Trademark, along with a photograph of the FABRIC CUT OUT DESIGN Trademark as used by Sweet People on its MISS ME line of jeanswear products are attached hereto as Exhibit F.

35.     The FABRIC CUT OUT DESIGN Trademark is distinctive, nonfunctional, and serves to identify Sweet People as the source/origin of the jeanswear products on which it appears.

36.     In addition to being, in and of itself, a highly distinctive design, as a result of Sweet People's uninterrupted and continuous promotion and sale of MISS ME brand jeanswear products bearing the FABRIC CUT OUT DESIGN Trademark, and the widespread editorial coverage of such products, Sweet People's FABRIC CUT OUT DESIGN Trademark has developed a strong secondary meaning among consumers and the trade.  Accordingly, Sweet People's FABRIC CUT OUT DESIGN Trademark immediately identifies Sweet People as the exclusive source of products that bear the design, and signifies goodwill of incalculable value.

37.     Together, the Sweet People Copyrighted Designs and FABRIC CUT OUT DESIGN Trademark are hereinafter referred to as the "Sweet People Protected Designs."

## RCRV'S BUSINESS

38.     RCRV manufactures, promotes, sells and distributes high-quality jeanswear and denim products throughout the United States, including in this judicial district, under the ROCK REVIVAL brand name.

39.     ROCK REVIVAL brand jeanswear is sold at retail by such well-known fashion chain stores and department stores as The Buckle and Nordstrom, both in-store and online.  ROCK REVIVAL brand jeanswear and denim products have become very popular in the highly competitive jeanswear market.  Among the many elements that distinguish ROCK REVIVAL jeanswear from its competitors are a series of design elements embroidered onto the jeans that are used exclusively on ROCK REVIVAL jeanswear, and which have come to identify RCRV as the source of such products.

## RCRV'S INVERTED FLEUR DE LIS DESIGN MARK

40.     In March 2006, RCRV's predecessor introduced a distinctive inverted fleur de lis design embroidered onto the rear pocket of its jeans (the "INVERTED FLEUR DE LIS DESIGN Trademark"), a new and unique design that was unlike anything used before in the jeanswear industry.  Given its innovative design

characteristics, the INVERTED FLEUR DE LIS DESIGN is a distinctive identifier that became immediately associated with ROCK REVIVAL brand jeanswear products.  Further, RCRV and its predecessor have continuously and exclusively used the INVERTED FLEUR DE LIS DESIGN on jeanswear products since March 2006, to the point where the INVERTED FLEUR DE LIS DESIGN has become the signature design of RCRV's business.

41.    The INVERTED FLEUR DE LIS DESIGN Trademark is the subject of U.S. Trademark Registration No. 4,248,371, registered on November 27, 2012 on the Principal Register for jeans, shorts and skirts.  RCRV's trademark registration for the INVERTED FLEUR DE LIS DESIGN Trademark is in full force and effect.  A copy of the registration certificate for the INVERTED FLEUR DE LIS DESIGN Trademark along with a photograph of the INVERTED FLEUR DE LIS DESIGN as used by RCRV on its ROCK REVIVAL line of jeanswear products is attached hereto as Exhibit G.

42.    RCRV products bearing the INVERTED FLEUR DE LIS DESIGN are distributed and sold in over 900 stores worldwide, including retailers such as Nordstrom and The Buckle.  In addition, products bearing the INVERTED FLEUR DE LIS DESIGN are featured online at RCRV's official ROCK REVIVAL brand website, <www.rockrevival.com>, and are sold on various websites affiliated with RCRV's authorized retail department stores.

43.    In the United States, sales of RCRV's products featuring the INVERTED FLEUR DE LIS DESIGN have been rapidly increasing over the past few years.  For example, sales of products bearing the INVERTED FLEUR DE LIS DESIGN exceeded $4 million in 2008, $20 million in 2009, $30 million in 2010, $50 million in 2011, and $60 million in 2012.

44.    Moreover, RCRV and its predecessor have consistently promoted the INVERTED FLEUR DE LIS DESIGN as an indicator of source for ROCK REVIVAL jeans, and RCRV has expended substantial amounts of money promoting

the INVERTED FLEUR DE LIS DESIGN as an indicator of source for its goods.  In particular, over the last five plus years, the INVERTED FLEUR DE LIS DESIGN has enjoyed coverage in leading mainstream and fashion publications in the United States.  For example, the leading fashion industry publication *Women's Wear Daily* listed ROCK REVIVAL as the tenth-most searched-for denim brand in its April 2009 edition and in its November 2009 edition focusing on jeanswear rear pocket designs.

45.    The INVERTED FLEUR DE LIS DESIGN is featured on the rear pocket of a substantial majority of RCRV jeanswear products, and RCRV's retail customers consistently recognize the INVERTED FLEUR DE LIS DESIGN as RCRV's "signature" and/or "trademark."

46.    Further, celebrities have often been seen wearing RCRV jeanswear bearing the INVERTED FLEUR DE LIS DESIGN, creating millions of commercial "impressions" of the design, including Steven Tyler, lead singer of the famous rock band Aerosmith, in *Rolling Stone* magazine; the Oscar winning actress, Halle Berry, in *US Weekly*; Teri Hatcher on the popular television show Desperate Housewives; and former National Football League star, and Dancing With The Stars winner, Hines Ward.

47.    Accordingly, in addition to being, in and of itself, inherently distinctive, the INVERTED FLEUR DE LIS DESIGN Trademark has, through extensive sales, promotion and media coverage of ROCK REVIVAL jeanswear, come to identify RCRV as the exclusive source of such products.  As a result of RCRV's broad media exposure, and the uninterrupted and continuing promotion and sale of ROCK REVIVAL jeanswear bearing the INVERTED FLEUR DE LIS DESIGN Trademark, the design has developed a strong secondary meaning among consumers and the trade, immediately identifying RCRV as the exclusive source of products bearing the INVERTED FLEUR DE LIS DESIGN Trademark, and signifying goodwill of incalculable value.

## THE APRIL 2013 SETTLEMENT AGREEMENT

48.     On January 29, 2013, Sweet People and Deodar Brands filed the First Action, seeking injunctive relief and damages against Jean Jacket Clothing, XYZ Companies 1-10, and John and Jane Does 1-10, for acts of copyright infringement, trademark counterfeiting and infringement, false designation of origin, and unfair competition, arising out of Jean Jacket Clothing's purchase, distribution, promotion, advertising, marketing, offer for sale and/or sale of certain jeanswear products bearing designs that were substantially indistinguishable and/or confusingly similar to the protected designs of Sweet People and Deodar Brands.

49.     Thereafter, the parties settled the First Action, and entered into the April 2013 Settlement Agreement, reflecting the terms of their settlement.

50.     As part of the April 2013 Settlement Agreement, Jean Jacket Clothing agreed to "cease and desist from designing, manufacturing, importing, exporting, distributing, marketing, promoting, advertising, supplying, purchasing, offering for sale and/or selling jeanswear products bearing the Infringing Designs, or any other jeanswear products that contain designs substantially similar and/or confusingly similar to the Protected Designs." The April 2013 Settlement Agreement defines the "Protected Designs" to include, among other designs, Sweet People's Fleur De Lis Design and FABRIC CUT OUT DESIGN Trademark.

51.     In addition, as part of the April 2013 Settlement Agreement, Jean Jacket Clothing "acknowledge[d] the validity and enforceability of the Protected Designs", including, without limitation, Sweet People's Fleur De Lis Design and FABRIC CUT OUT DESIGN Trademark, and agreed "not [to] contest the validity and/or enforceability of Sweet People['s] … rights in and to any of the Protected Designs in any future proceeding between the Parties, anywhere in the world."

52.     Pursuant to the April 2013 Settlement Agreement, an Order For Entry of A Permanent Injunction (the "Permanent Injunction Order") was entered by the Court on April 11, 2013. Among other things, the Permanent Injunction Order permanently

enjoined and restrained Jean Jacket Clothing, and its agents, affiliates, divisions, parents, subsidiaries, related companies, officers, directors, shareholders, principals, employees, and all natural or legal persons acting on their behalf, or in concert with them, from creating, designing, manufacturing, importing, exporting, distributing, supplying, advertising, marketing, promoting, purchasing, offering for sale and/or selling any products bearing any design that is (a) substantially similar to Sweet People's Fleur De Lis Design, or (b) confusingly similar to Sweet People's FABRIC CUT OUT DESIGN Trademark.

53.     Sweet People and Jean Jacket Clothing further agreed that any action for breach of the April 2013 Settlement Agreement or contempt of the Permanent Injunction Order shall be brought in this Court, and that this Court "shall have jurisdiction over them, and over the subject matter of the suit."

54.     Further, pursuant to the April 2013 Settlement Agreement, it was agreed that "[t]he prevailing Party in any such suit shall recover its costs and attorney's fees from the other Party."

## DEFENDANTS' BREACH OF THE APRIL 2013 SETTLEMENT AGREEMENT AND THE AUGUST 2013 SETTLEMENT AGREEMENT

55.     Thereafter, Sweet People learned that Jean Jacket Clothing was continuing to trade in jeanswear products that were confusingly similar to Sweet People's FABRIC CUT OUT DESIGN Trademark, in direct breach of April 2013 Settlement Agreement and in contempt of the Permanent Injunction Order.

56.     On or about June 14, 2013, Sweet People wrote to Jean Jacket Clothing regarding its continuing sale of products bearing designs that were confusingly similar to Sweet People's FABRIC CUT OUT DESIGN Trademark.

57.     Subsequently, on or about August 22, 2013, Sweet People entered into a settlement agreement with Jean Jacket Clothing concerning its breach of April 2013 Settlement Agreement, and contempt of the Permanent Injunction Order (the "August 2013 Settlement Agreement").

58.     As part of the August 2013 Settlement Agreement, Jean Jacket Clothing made certain representations and warranties concerning, among other things, the number of additional units of products it had purchased and sold bearing designs that were confusingly similar to Sweet People's FABRIC CUT OUT DESIGN Trademark, and the volume of its remaining inventory of such products (which it further agreed to turn over to Sweet People).

59.     The August 2013 Settlement Agreement further states that it "is not intended to supersede, modify or in any way amend or curtail the April 2013 Settlement Agreement or Permanent Injunction Order, both of which remain in full force and effect."

### DEFENDANTS' ADDITIONAL INFRINGING CONDUCT

60.     Upon information and belief, Defendants are currently, and at all times relevant hereto have been engaged in the business of creating, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and selling jeanswear products under various brand names.

61.     Upon information and belief, Defendants are creating, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and selling, and/or are causing to be created, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold, without authorization or license from Plaintiffs, jeanswear products bearing designs that are studied imitations of the Sweet People Protected Designs — including, without limitation, jeanswear products bearing Sweet People designs (the Fleur De Lis Design and FABRIC CUT OUT DESIGN Trademark) that were the subject of the April 2013 Settlement Agreement, the August 2013 Settlement Agreement, and/or the Permanent Injunction Order — and RCRV's INVERTED FLEUR DE LIS DESIGN Trademark (the "Infringing Designs").

62.     A photograph of an infringing tribal deco design created, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale

and/or sold by Defendants, which is substantially similar to Sweet People's Tribal Deco Design, is attached hereto as Exhibit H.  A photographic comparison of Sweet People's Tribal Deco Design and an example of Defendants' infringing tribal deco design is set forth below:



| Sweet People's Tribal Deco Design | Defendants' Tribal Deco Design |
|---|---|

63.   A photograph of an infringing cypress paisley design created, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold by Defendants, which is substantially similar to Sweet People's Cypress Paisley Design, is attached hereto as Exhibit I.  A photographic comparison of Sweet People's Cypress Paisley Design and an example of Defendants' infringing cypress paisley design is set forth below:



| Sweet People's Cypress Paisley Design | Defendants' Cypress Paisley Design |
|---|---|

64.   A photograph of an infringing fleur de lis design created, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold by Defendants, which is a substantially similar to Sweet People's Fleur De Lis Design, is attached hereto as Exhibit J.  A photographic comparison of Sweet People's Fleur De Lis Design and an example of Defendants' infringing fleur de lis

design is set forth below:



| Sweet People's Fleur De Lis Design | Defendants' Fleur De Lis Design |

65.     A photograph of an infringing split fleur de lis design created, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold by Defendants, which is substantially similar to Sweet People's Split Fleur De Lis Design, is attached hereto as Exhibit K.  A photographic comparison of Sweet People's Split Fleur De Lis Design and an example of Defendants' infringing split fleur de lis design is set forth below:

| Sweet People's Split Fleur De Lis Design | Defendants' Split Fleur De Lis Design |

66.     A photograph of an infringing crossroads design created, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold by Defendants, which is a studied imitation of Sweet People's CrossRoads Design, is attached hereto as Exhibit L.  A photographic comparison of Sweet People's CrossRoads Design and an example of Defendants' infringing crossroads design is set forth below:

| Sweet People's CrossRoads Design | Defendants' CrossRoads Design |
|---|---|



67.   Photographs of infringing fabric cut out designs being created, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold by Defendants, which are substantially indistinguishable from Sweet People's FABRIC CUT OUT DESIGN Trademark, are attached hereto as Exhibit M.  A comparison of Sweet People's FABRIC CUT OUT DESIGN and an example of Defendants' infringing fabric cut out design is set forth below:

| Sweet People's Fabric Cut Out Design | Defendants' Fabric Cut Out Design |
|---|---|

68.   A photograph of an infringing inverted fleur de lis design created, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold by Defendants, which is substantially indistinguishable from RCRV's  INVERTED FLEUR-DE-LIS DESIGN Trademark, is attached hereto as Exhibit N.  A comparison of RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark and an example of Defendants' infringing inverted fleur de lis design is set forth below:

| RCRV's INVERTED FLEUR DE LIS DESIGN TRADEMARK | Defendants' Inverted Fleur De Lis Design |
|---|---|
|  |  |

69.     Upon information and belief, Defendants have created, manufactured, distributed, imported, exported, supplied, advertised, promoted, offered for sale and/or sold products bearing one or more of the Infringing Designs in this judicial district.

70.     Upon information and belief, Defendants have deliberately, knowingly and faithfully created, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold jeanswear products that infringe the Sweet People Protected Designs and RCRV's INVERTED FLEUR DE LIS DESIGN Trademark.

71.     Upon information and belief, Defendants were aware that the Sweet People Protected Designs and RCRV's INVERTED FLEUR DE LIS DESIGN Trademark were well-known designs of Sweet People and RCRV at the time they began creating, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and/or selling the Infringing Designs.

72.     Upon further information and belief, Defendants were aware that they were trading in jeanswear products bearing designs that were substantially similar and/or confusingly similar to Sweet People designs that are the subject of the April 2013 Settlement Agreement, August 2013 Settlement Agreement and/or Permanent Injunction Order.

73.     Accordingly, upon information and belief, Defendants have been engaging in the above-described unlawful activities knowingly and intentionally, and/or with reckless disregard for Sweet People's rights in the Sweet People

Protected Designs, RCRV's rights in the INVERTED FLEUR DE LIS DESIGN Trademark, and the restrictions imposed by the April 2013 Settlement Agreement, August 2013 Settlement Agreement and/or Permanent Injunction Order.

74.     Upon information and belief, Defendants intend to continue to create, manufacture, import, export, distribute, supply, advertise, promote, offer for sale and/or sell products bearing the Infringing Designs, unless otherwise restrained by this Court.

75.     Unless Defendants' conduct is enjoined, such conduct will severely inhibit and/or destroy the ability of the Sweet People Protected Designs, and in particular the FABRIC CUT OUT DESIGN Trademark to identify Sweet People as the exclusive source of goods to which they are affixed.

76.     Unless Defendants' conduct is enjoined, such conduct will severely inhibit and/or destroy the ability of RCRV's INVERTED FLEUR DE LIS DESIGN Trademark to identify RCRV as the exclusive source of goods to which it is affixed.

## FIRST CLAIM FOR RELIEF
## WILLFUL BREACH OF CONTRACT
## (PLAINTIFF SWEET PEOPLE)

77.     The allegations set forth in paragraphs 1 through 76 hereof are adopted and incorporated by reference as if fully set forth herein.

78.     The April 2013 Settlement Agreement, entered into in order to resolve the First Action, is a valid contract, supported by good and valuable consideration.

79.     By having deliberately continued to promote, market, advertise, distribute, offer for sale and sell jeanswear products bearing a studied imitation of Sweet People's FABRIC CUT OUT DESIGN Trademark, Defendants Jean Jacket Clothing, Inc. and Kamyar Penhasi have materially breached the terms of the April 2013 Settlement Agreement, including their undertaking to cease and desist from designing, manufacturing, importing, exporting, distributing, marketing, promoting, advertising, supplying, purchasing, offering for sale and/or selling jeanswear products

bearing a design that is confusingly similar to Sweet People's FABRIC CUT OUT DESIGN Trademark following execution of the April 2013 Settlement Agreement.

80.     Upon information and belief, by their conduct, Defendants intend to continue to deliberately breach the terms of the April 2013 Settlement Agreement unless restrained by this Court.

81.     Upon information and belief, by their conduct, Defendants have made and will continue to make profits and gains to which they are not in law or equity entitled.

82.     Defendants' acts have damaged and will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**

**WILLFUL BREACH OF CONTRACT**

**(PLAINTIFF SWEET PEOPLE)**

83.     The allegations set forth in paragraphs 1 through 82 hereof are adopted and incorporated by reference as if fully set forth herein.

84.     The April 2013 Settlement Agreement, entered into in order to resolve the First Action, is a valid contract, supported by good and valuable consideration.

85.     By having deliberately continued to promote, market, advertise, distribute, offer for sale and sell jeanswear products bearing a studied imitation of Sweet People's Fleur De Lis Design, Defendants Jean Jacket Clothing, Inc. and Kamyar Penhasi have materially breached the terms of the April 2013 Settlement Agreement, including their undertaking to cease and desist from designing, manufacturing, importing, exporting, distributing, marketing, promoting, advertising, supplying, purchasing, offering for sale and/or selling jeanswear products bearing a design that is substantially similar to Sweet People's Fleur De Lis Design following execution of the April 2013 Settlement Agreement.

86.     Upon information and belief, by their conduct, Defendants intend to continue to deliberately breach the terms of the April 2013 Settlement Agreement

unless restrained by this Court.

87.     Upon information and belief, by their conduct, Defendants have made and will continue to make profits and gains to which they are not in law or equity entitled.

88.     Defendants' acts have damaged and will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### WILLFUL BREACH OF CONTRACT
### (PLAINTIFF SWEET PEOPLE)

89.     The allegations set forth in paragraphs 1 through 88 hereof are adopted and incorporated by reference as if fully set forth herein.

90.     The August 2013 Settlement Agreement, entered into in order to resolve Jean Jacket Clothing's breach of the April 2013 Settlement Agreement and contempt of the April 11, 2013 Permanent Injunction Order by its continued sale of jeanswear products bearing any design that is confusingly similar to Sweet People's FABRIC CUT OUT DESIGN Trademark, is a valid contract, supported by good and valuable consideration.

91.     By having deliberately continued to promote, market, advertise, distribute, offer for sale and sell jeanswear products bearing designs that are confusingly similar to Sweet People's FABRIC CUT OUT DESIGN Trademark, Defendants Jean Jacket Clothing, Inc. and Kamyar Penhasi have materially breached the terms of the August 2013 Settlement Agreement, including their undertaking, as incorporated by the April 2013 Settlement Agreement, to cease and desist from designing, manufacturing, importing, exporting, distributing, marketing, promoting, advertising, supplying, purchasing, offering for sale and/or selling jeanswear products bearing a design that is confusingly similar to Sweet People's FABRIC CUT OUT DESIGN Trademark following execution of the April 2013 Settlement Agreement.

92.     Upon information and belief, by their conduct, Defendants intend to

continue to deliberately breach the terms of the August 2013 Settlement Agreement unless restrained by this Court.

93.     Upon information and belief, by their conduct, Defendants have made and will continue to make profits and gains to which they are not in law or equity entitled.

94.     Defendants' acts have damaged and will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**

**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

**(PLAINTIFF SWEET PEOPLE)**

95.     The allegations set forth in paragraphs 1 through 94 hereof are adopted and incorporated by reference as if fully set forth herein.

96.     Sweet People is the owner of a U.S. copyright registration for the Tribal Deco Design, which registration is in full force and effect.

97.     Defendants, without authorization from Sweet People, and after Sweet People created and first used the Tribal Deco on its jeanswear products, have created, manufactured, imported, exported, distributed, supplied, advertised, promoted, sold and/or offered for sale jeanswear products incorporating designs that were copied from and are substantially similar in overall appearance to Sweet People's Tribal Deco Design.

98.     Defendants thereby have willfully infringed and, upon information and belief, are continuing to willfully infringe Sweet People's copyright in the Tribal Deco Design.

99.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or in equity entitled.

100.    Upon information and belief, Defendants intend to continue their willful conduct, and will continue to willfully infringe Sweet People's copyright in the Tribal

Deco Design, and to act in bad faith, unless restrained by this Court.

101.   Defendants' acts have damaged and will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)
## (PLAINTIFF SWEET PEOPLE)

102.   The allegations set forth in paragraphs 1 through 101 hereof are adopted and incorporated by reference as if fully set forth herein.

103.   Sweet People is the owner of a U.S. copyright registration for the Cypress Paisley Design, which registration is in full force and effect.

104.   Defendants, without authorization from Sweet People, and after Sweet People created and first used the Cypress Paisley Design on its jeanswear products, have created, manufactured, imported, exported, distributed, supplied, advertised, promoted, sold and/or offered for sale jeanswear products incorporating designs that were copied from and are substantially similar in overall appearance to Sweet People's Cypress Paisley Design.

105.   Defendants thereby have willfully infringed and, upon information and belief, are continuing to willfully infringe Sweet People's copyright in the Cypress Paisley Design.

106.   Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or in equity entitled.

107.   Upon information and belief, Defendants intend to continue their willful conduct, and will continue to willfully infringe Sweet People's copyright in the Cypress Paisley Design, and to act in bad faith, unless restrained by this Court.

108.   Defendants' acts have damaged and will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)
## (PLAINTIFF SWEET PEOPLE)

109.   The allegations set forth in paragraphs 1 through 108 hereof are adopted and incorporated by reference as if fully set forth herein.

110.   Sweet People is the owner of a U.S. copyright registration for the Fleur De Lis Design, which registration is in full force and effect.

111.   Defendants, without authorization from Sweet People, and after Sweet People created and first used the Fleur De Lis Design on its jeanswear products, have created, manufactured, imported, exported, distributed, supplied, advertised, promoted, sold and/or offered for sale jeanswear products incorporating designs that were copied from and are substantially similar in overall appearance to Sweet People's Fleur De Lis Design.

112.   Defendants thereby have willfully infringed and, upon information and belief, are continuing to willfully infringe Sweet People's copyright in the Fleur De Lis Design.

113.   Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or in equity entitled.

114.   Upon information and belief, Defendants intend to continue their willful conduct, and will continue to willfully infringe Sweet People's copyright in the Fleur De Lis Design, and to act in bad faith, unless restrained by this Court.

115.   Defendants' acts have damaged and will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)
## (PLAINTIFF SWEET PEOPLE)

116.   The allegations set forth in paragraphs 1 through 115 hereof are adopted

and incorporated by reference as if fully set forth herein.

117.   Sweet People is the owner of a U.S. copyright registration for the Split Fleur De Lis Design, which registration is in full force and effect.

118.   Defendants, without authorization from Sweet People, and after Sweet People created and first used the Split Fleur De Lis Design on its jeanswear products, have created, manufactured, imported, exported, distributed, supplied, advertised, promoted, sold and/or offered for sale jeanswear products incorporating designs that were copied from and are substantially similar in overall appearance to Sweet People's Split Fleur De Lis Design.

119.   Defendants thereby have willfully infringed and, upon information and belief, are continuing to willfully infringe Sweet People's copyright in the Split Fleur De Lis Design.

120.   Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or in equity entitled.

121.   Upon information and belief, Defendants intend to continue their willful conduct, and will continue to willfully infringe Sweet People's copyright in the Split Fleur De Lis Design, and to act in bad faith, unless restrained by this Court.

122.   Defendants' acts have damaged and will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

**EIGHTH CLAIM FOR RELIEF**

**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

**(PLAINTIFF SWEET PEOPLE)**

123.   The allegations set forth in paragraphs 1 through 122 hereof are adopted and incorporated by reference as if fully set forth herein.

124.   Sweet People is the owner of a U.S. copyright registration for the CrossRoads Design, which registration is in full force and effect.

125.   Defendants, without authorization from Sweet People, and after Sweet

People created and first used the CrossRoads Design on its jeanswear products, have created, manufactured, imported, exported, distributed, supplied, advertised, promoted, sold and/or offered for sale jeanswear products incorporating designs that were copied from and are substantially similar in overall appearance to Sweet People's CrossRoads Design.

126.   Defendants thereby have willfully infringed and, upon information and belief, are continuing to willfully infringe Sweet People's copyright in the CrossRoads Design.

127.   Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or in equity entitled.

128.   Upon information and belief, Defendants intend to continue their willful conduct, and will continue to willfully infringe Sweet People's copyright in the CrossRoads Design, and to act in bad faith, unless restrained by this Court.

129.   Defendants' acts have damaged and will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

### NINTH CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT & COUNTERFEITING (15 U.S.C. § 1114)
### (PLAINTIFF SWEET PEOPLE)

130.   The allegations set forth in paragraphs 1 through 129 hereof are adopted and incorporated by reference as if fully set forth herein.

131.   By the acts alleged herein, Defendants are using a mark that is confusingly similar to, and/or substantially indistinguishable from, Sweet People's FABRIC CUT OUT DESIGN Trademark, and have infringed and/or counterfeited, and continue to infringe and/or counterfeit, the FABRIC CUT OUT DESIGN Trademark, in violation of 15 U.S.C. § 1114.

132.   Upon information and belief, Defendants' use of a mark that is confusingly similar to, and/or substantially indistinguishable from, the FABRIC CUT

OUT DESIGN Trademark has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products bearing such infringing and/or counterfeited design mark, or as to a possible affiliation, connection or association between Sweet People and Defendants and/or Defendants' jeanswear products.

133. Upon information and belief, Defendants have acted with knowledge of Sweet People's ownership of the FABRIC CUT OUT DESIGN Trademark, and with the deliberate intention to unfairly benefit from the goodwill symbolized thereby.

134. Defendants' acts constitute willful trademark infringement and/or counterfeiting in violation of 15 U.S.C. § 1114.

135. Upon information and belief, by their actions, Defendants intend to continue their unlawful conduct, and to willfully infringe and/or counterfeit Sweet People's FABRIC CUT OUT DESIGN Trademark, unless restrained by this Court.

136. Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

137. Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

## TENTH CLAIM FOR RELIEF

## TRADEMARK INFRINGEMENT & COUNTERFEITING (15 U.S.C. § 1114)

## (PLAINTIFF RCRV)

138. The allegations set forth in paragraphs 1 through 137 hereof are adopted and incorporated by reference as if fully set forth herein.

139. By the acts alleged herein, Defendants are using a mark that is confusingly similar to, and/or substantially indistinguishable from, RCRV's INVERTED FLEUR DE LIS DESIGN Trademark, and have infringed and/or counterfeited, and continue to infringe and/or counterfeit, the INVERTED FLEUR DE LIS DESIGN Trademark, in violation of 15 U.S.C. § 1114.

140.   Upon information and belief, Defendants' use of a mark that is confusingly similar to, and/or substantially indistinguishable from, the INVERTED FLEUR DE LIS DESIGN Trademark has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products bearing such infringing and/or counterfeited design mark, or as to a possible affiliation, connection or association between RCRV and Defendants and/or Defendants' jeanswear products.

141.   Upon information and belief, Defendants have acted with knowledge of RCRV's ownership of the INVERTED FLEUR-DE-LIS DESIGN Trademark, and with the deliberate intention to unfairly benefit from the goodwill symbolized thereby.

142.   Defendants' acts constitute willful trademark infringement and/or counterfeiting in violation of 15 U.S.C. § 1114.

143.   Upon information and belief, by their actions, Defendants intend to continue their unlawful conduct, and to willfully infringe and/or counterfeit RCRV's INVERTED FLEUR DE LIS DESIGN Trademark, unless restrained by this Court.

144.   Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

145.   Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage RCRV, and RCRV has no adequate remedy at law.

## ELEVENTH CLAIM FOR RELIEF

## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

## (PLAINTIFF SWEET PEOPLE)

146.   The allegations set forth in paragraphs 1 through 145 hereof are adopted and incorporated by reference as if fully set forth herein.

147.   Upon information and belief, Defendants' use of a mark that is confusingly similar to, and/or substantially indistinguishable from, the FABRIC CUT

OUT DESIGN Trademark has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of such products, or as to a possible affiliation, connection or association between Sweet People and Defendants, and/or between Sweet People and such products.

148.   Defendants' conduct as aforementioned constitutes a willful false designation of the origin of the products bearing the infringing fabric cut out designs, and/or false and misleading descriptions and representations of fact, all in violation of 15 U.S.C. § 1125(a).

149.   Upon information and belief, by their actions, Defendants intend to continue to falsely designate the origin of their products as aforesaid, unless restrained by this Court.

150.   Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

151.   Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

## TWELFTH CLAIM FOR RELIEF
### FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))
### (PLAINTIFF RCRV)

152.   The allegations set forth in paragraphs 1 through 151 hereof are adopted and incorporated by reference as if fully set forth herein.

153.   Upon information and belief, Defendants' use of a mark that is confusingly similar to, and/or substantially indistinguishable from, the INVERTED FLEUR DE LIS DESIGN Trademark has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of such products, or as to a possible affiliation, connection or association between RCRV and Defendants, and/or between RCRV

and such products.

154.   Defendants' conduct as aforementioned constitutes a willful false designation of the origin of the products bearing the infringing inverted fleur de lis designs, and/or false and misleading descriptions and representations of fact, all in violation of 15 U.S.C. § 1125(a).

155.   Upon information and belief, by their actions, Defendants intend to continue to falsely designate the origin of its products as aforesaid, unless restrained by this Court.

156.   Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

157.   Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage RCRV, and RCRV has no adequate remedy at law.

**THIRTEENTH CLAIM FOR RELIEF**

**COMMON LAW TRADEMARK INFRINGEMENT**

**AND UNFAIR COMPETITION**

**(PLAINTIFF SWEET PEOPLE)**

158.   The allegations set forth in paragraphs 1 through 157 hereof are adopted and incorporated by reference as if fully set forth herein.

159.   By deliberately creating, manufacturing, importing, exporting, distributing, supplying, promoting, advertising, offering for sale and/or selling jeanswear products bearing infringing fabric cut out designs, Defendants are deceptively attempting to "pass off" its products as those of Sweet People, or as somehow related to or associated with, or sponsored or endorsed by, Sweet People, thereby exploiting Sweet People's reputation and goodwill in the marketplace.

160.   Defendants' acts and conduct is likely to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products, or as to a possible affiliation, connection or association

between Sweet People and Defendants, and/or between Sweet People and Defendants' products, in violation of Sweet People's rights under the common law of the State of California.

161.   Upon information and belief, by their actions, Defendants intend to continue their infringing and unfairly competitive acts, unless restrained by this Court.

162.   Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

163.   Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

164.   Pursuant to the common law of the State of California, Sweet People is entitled to injunctive relief and an award of damages and/or Defendants' profits resulting from Defendants' willful conduct.

165.   Sweet People is further informed and believe that Defendants' conduct was oppressive, fraudulent and malicious, and are thereby entitled to an award of punitive damages.

**FOURTEENTH CLAIM FOR RELIEF**

**COMMON LAW TRADEMARK INFRINGEMENT**

**AND UNFAIR COMPETITION**

**(PLAINTIFF RCRV)**

166.   The allegations set forth in paragraphs 1 through 165 hereof are adopted and incorporated by reference as if fully set forth herein.

167.   By deliberately creating, manufacturing, importing, exporting, distributing, supplying, promoting, advertising, offering for sale and/or selling jeanswear products bearing infringing inverted fleur de lis designs, Defendants are deceptively attempting to "pass off" its products as those of RCRV, or as somehow related to or associated with, or sponsored or endorsed by, RCRV, thereby exploiting

RCRV's reputation and goodwill in the marketplace.

168. Defendants' acts and conduct is likely to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products, or as to a possible affiliation, connection or association between RCRV and Defendants, and/or between RCRV and Defendants' products, in violation of RCRV's rights under the common law of the State of California.

169. Upon information and belief, by their actions, Defendants intend to continue their infringing and unfairly competitive acts, unless restrained by this Court.

170. Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

171. Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage RCRV, and RCRV has no adequate remedy at law.

172. Pursuant to the common law of the State of California, RCRV is entitled to injunctive relief and an award of damages and/or Defendants' profits resulting from Defendants' willful conduct.

173. RCRV is further informed and believe that Defendants' conduct was oppressive, fraudulent and malicious, and are thereby entitled to an award of punitive damages.

## FIFTEENTH CLAIM FOR RELIEF
## CALIFORNIA UNFAIR COMPETITION
### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)
### (PLAINTIFF SWEET PEOPLE)

174. The allegations set forth in paragraphs 1 through 173 hereof are adopted and incorporated by reference as if fully set forth herein.

175. The aforesaid acts of Defendants constitute unlawful, unfair, or fraudulent unfair competition in violation of California Business & Professions Code

§§ 17200 *et seq.*

176.   Upon information and belief, Sweet People has standing to assert this claim under California Business & Professions Code §§ 17200 *et seq.* because its monetary and property interests have been damaged by the aforesaid actions of Defendants.  By way of example, upon information and belief, Sweet People has lost sales of its jeanswear products due to Defendants' aforesaid conduct, and/or the value of Sweet People's FABRIC CUT OUT DESIGN Trademark has been diminished by Defendants' actions.

177.   Upon information and belief, by their actions, Defendants intend to continue their unfairly competitive conduct, unless restrained by this Court.

178.   Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

179.   Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

180.   Pursuant to California Business & Professions Code §§ 17200 *et seq.*, Sweet People is entitled to injunctive relief and an award of attorneys' fees and costs.

**SIXTEENTH CLAIM FOR RELIEF**

**CALIFORNIA UNFAIR COMPETITION**

**(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

**(PLAINTIFF RCRV)**

181.   The allegations set forth in paragraphs 1 through 180 hereof are adopted and incorporated by reference as if fully set forth herein.

182.   The aforesaid acts of Defendants constitute unlawful, unfair, or fraudulent unfair competition in violation of California Business & Professions Code §§ 17200 *et seq.*

183.   Upon information and belief, RCRV has standing to assert this claim under California Business & Professions Code §§ 17200 *et seq.* because its monetary

33

and property interests have been damaged by the aforesaid actions of Defendants. By way of example, upon information and belief, RCRV has lost sales of its jeanswear products due to Defendants' aforesaid conduct, and/or the value of RCRV's INVERTED FLEUR DE LIS DESIGN Trademark has been diminished by Defendants' actions.

184. Upon information and belief, by their actions, Defendants intend to continue their unfairly competitive conduct, unless restrained by this Court.

185. Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

186. Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage RCRV, and RCRV has no adequate remedy at law.

187. Pursuant to California Business & Professions Code §§ 17200 *et seq.*, RCRV is entitled to injunctive relief and an award of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Sweet People and RCRV demand judgment against Defendants as follows:

1. Finding that, (i) as to Counts 1-2, Defendants willfully breached the April 2013 Settlement Agreement; (ii) as to Count 3, Defendants willfully breached the August 2013 Settlement Agreement; (iii) as to Counts 4-8, Defendants engaged in copyright infringement against Plaintiff Sweet People in violation of 17 U.S.C. § 501; (iv) as to Count 9, Defendants engaged in willful trademark infringement and/or counterfeiting against Plaintiff Sweet People in violation of 15 U.S.C. § 1114; (v) as to Count 10, Defendants engaged in willful trademark infringement and/or counterfeiting against Plaintiff RCRV in violation of 15 U.S.C. § 1114; (vi) as to Count 11, Defendants engaged in willful false designation of origin and unfair competition against Plaintiff Sweet People in violation of 15 U.S.C. § 1125(a); (vii) as to Count 12, Defendants engaged in willful false designation of origin and

unfair competition against Plaintiff RCRV in violation of 15 U.S.C. § 1125(a); (viii) as to Count 13, Defendants engaged in willful trademark infringement and unfair competition as against Plaintiff Sweet People under the common law of the State of California; (ix) as to Count 14, Defendants engaged in willful trademark infringement and unfair competition as against Plaintiff RCRV under the common law of the State of California; (x) as to Count 15, Defendants engaged in willful unfair competition as against Plaintiff Sweet People in violation of California Business & Professions Code §§ 17200 *et seq.*; and (xi) as to Count 16, Defendants engaged in willful unfair competition as against Plaintiff RCRV in violation of California Business & Professions Code §§ 17200 *et seq.*

2.     That Defendants and all of those acting in concert with them, including their agents and servants, and all those on notice of this suit, be preliminarily and permanently enjoined from:

(a)     Importing, distributing, supplying, advertising, promoting, offering for sale and/or selling any products which bear the Infringing Designs, or any other designs confusingly similar and/or substantially similar in appearance to the Sweet People Protected Designs and RCRV's INVERTED FLEUR DE LIS DESIGN Trademark, and engaging in any other activity constituting an infringement of any of Sweet People's rights in and to the Sweet People Protected Designs and RCRV's rights in and to the INVERTED FLEUR DE LIS DESIGN Trademark; and

(b)     engaging in any activity constituting unfair competition with Sweet People or RCRV, or acts and practices that deceive the public and/or the trade, including, without limitation, the use of design elements and designations associated with Sweet People or RCRV.

3.     That Defendants be required to take such other measures as the Court may deem appropriate to prevent the public from deriving any erroneous impression that products bearing the Infringing Designs have been created, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale

and/or sold by Sweet People or RCRV, have been authorized by Sweet People or RCRV, or are related to or associated in any way with Sweet People or RCRV or their products.

4.     That Defendants be required to recall all products bearing the Infringing Designs along with all advertising and promotional materials bearing images of such Infringing Designs, and thereafter to deliver up for destruction all Infringing Designs, artwork, packaging, advertising and promotional materials, and any means of making such items.

5.     That Defendants be directed to file with the Court and serve upon Sweet People and RCRV, within thirty (30) days after service of a judgment or order upon Defendants, a written report under oath setting forth in detail the manner in which Defendants have complied with the requirements set forth above in paragraphs 2 through 4 hereof.

6.     That the Court award Sweet People (i) Defendants' profits and Sweet People's damages and/or statutory damages, attorneys' fees and costs, to the full extent provided for by 17 U.S.C. §§ 504 and 505; (ii) statutory damages of $2,000,000 per counterfeit mark in accordance with the Lanham Act, 15 U.S.C. § 1117, or alternatively, ordering Defendants to account to and pay to Sweet People all profits realized by their wrongful acts, and also awarding Sweet People its actual damages, and directing that such profits or actual damages be trebled in accordance with the Lanham Act, 15 U.S.C. § 1117; (ii) attorneys' fees and injunctive and other equitable relief, to the full extent provided for by California Business & Professions Code §§ 17200 *et seq.*, to prevent Defendants from continuing to engage in the unlawful, unfair, and/or fraudulent business practices alleged herein and from continuing to receive ill-gotten gains therefrom; (iii) actual and punitive damages as provided under the common law of the State of California; and (iv) Sweet People's attorneys' fees and litigation-related expenses incurred herein.

7.     That the Court award RCRV (i) statutory damages of $2,000,000 per counterfeit mark in accordance with the Lanham Act, 15 U.S.C. § 1117, or alternatively, ordering Defendants to account to and pay to RCRV all profits realized by their wrongful acts, and also awarding RCRV its actual damages, and directing that such profits or actual damages be trebled in accordance with the Lanham Act, 15 U.S.C. § 1117; (ii) attorneys' fees and injunctive and other equitable relief, to the full extent provided for by California Business & Professions Code §§ 17200 *et seq.*, to prevent Defendants from continuing to engage in the unlawful, unfair, and/or fraudulent business practices alleged herein and from continuing to receive ill-gotten gains therefrom; (iii) actual and punitive damages as provided under the common law of the State of California; and (iv) RCRV's attorneys' fees and litigation-related expenses incurred herein.

8.     That Sweet People and RCRV be awarded pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendants.

9.     Finding Defendants Jean Jacket Clothing, Inc. and Kamyar Penhasi in contempt of the Permanent Injunction Order.

10.    That Sweet People and RCRV be awarded such additional and further relief as the Court deems just and proper.

///

///

///

1

2

3

Dated:  October 18, 2013                    ARNOLD & PORTER LLP

4

5

6

7

8

By:  /s/ Eric D. Mason
John C. Ulin
John.Ulin@aporter.com
Eric D. Mason
Eric.Mason@aporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, California  90017-5844
Telephone:  (213) 243-4000
Facsimile:  (213) 243-4199

9

10

*Attorneys for Plaintiffs Sweet People
Apparel, Inc. d/b/a Miss Me and
RCRV. Inc. d/b/a Rock Revival*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28